```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


CLYDE NUBINE,                       §
TDCJ-CID NO. 398312,                §
                                    §
          Petitioner,               §
                                    §
v.                                  §
                                    §      CIVIL ACTION NO. H-09-2313
RICK THALER, Director, Texas        §
Department of Criminal Justice,     §
Correctional Institutions           §
Division,                           §
                                    §
          Respondent.               §
```

**MEMORANDUM OPINION AND ORDER**

Clyde Nubine, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a Petition for a Writ of Habeas Corpus (Docket Entry No. 1) challenging prison disciplinary rulings against him. The Respondent has filed a Motion to Dismiss, which is supported by TDCJ-CID records (Docket Entry No. 20). After reviewing the pleadings and the records, the court has determined that the motion should be construed as a Motion for Summary Judgment[1] and granted, and that this action should be dismissed.

### I. Procedural History and Claims

Nubine's handwritten petition is unfocused and infers that TDCJ-CID officials are involved in some sort of conspiracy to

---

[1] Nubine has had ample opportunity to respond to the motion. See Petitioner's response in opposition (Docket Entry No. 33) and supporting exhibits (Docket Entry No. 34).

retaliate against him for filing grievances.  See Docket Entry No. 1 at 3.  The court must draw upon available records as well as rely upon the Respondent's assertions to determine the Petitioner's legal status and the relief he seeks.  Nubine is serving a seventy-five-year sentence for murder.  State v. Nubine, No. 415488 (185th Dist. Ct., Harris County, Tex., Apr. 8, 1985).  A procedural history concerning any appeal and post-conviction proceedings of the felony offense is not necessary or relevant because Nubine does not attack the validity of his state court conviction.  Instead, Nubine's petition focuses on administrative prison disciplinary proceedings brought against him and seeks to depose TDCJ-CID's policy makers (Brad Livingston and Nathaniel Quarterman) in order to establish evidence that there is a plot against him.  (Docket Entry No. 1 at 9-10)

Although Nubine does not specify which disciplinary case he challenges, the Respondent asserts that he was charged with threatening to inflict harm on an officer on June 24, 2008. (Docket Entry No. 20 at 2)  On June 26, 2008, a disciplinary hearing officer found Nubine guilty and assessed the following punishments:  solitary confinement, a reduction in classification, and loss of privileges for forty days.  Id. citing Disciplinary Case Number 20080291591.

Approximately a year later, Nubine was charged with fighting with another inmate on June 17, 2009.  Id.  A hearing was conducted on June 19, 2009.  Id.  Nubine was found guilty and was punished

-2-

with loss of thirty days of recreation and commissary privileges, reduction in classification, and forfeiture of twenty-six days of good-time credits.  Id.; Appendix A (Prison Disciplinary Report, Case Number 20090284301), Docket Entry No. 20-1 at 3.  He filed a Step One Grievance and a Step Two Grievance challenging the outcome of the hearing.  (Docket Entry No. 24-2)  Both were denied.

Nubine seeks relief from this court claiming that he has been denied access to discovery.  (Docket Entry No. 1)  In a supplemental pleading (Docket Entry No. 21-1) he asserts that TDCJ-CID officials are involved in a conspiracy to deprive him of good-time credits.

## II.  Analysis

A petitioner's habeas challenge to a disciplinary hearing is not actionable in federal court if the outcome of the administrative proceeding does not adversely affect his release date.  See Sandin v. Conner, 115 S.Ct. 2293, 2297 (1995); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).  A prisoner does not have many of the rights and privileges that a free citizen enjoys. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997).  In some instances, the state may create liberty interests that are protected by the Due Process Clause.  Id.  However, a prison inmate may only seek relief from disciplinary actions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, at 2300.

In the 2008 proceeding Nubine was punished with a brief stay in solitary confinement, a demotion in status, and a loss of privileges. Nubine's loss of privileges does not implicate any due process concerns. Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Madison, 104 F.3d at 768 ("[Thirty] day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns. They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest."). Because Nubine's stay in solitary confinement was a temporary condition not subject to habeas review, it is not actionable. Id. See also Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995) ("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status."). Nubine's reduction in good-time earning status is not subject to habeas review because prisoners do not have an unqualified constitutional right to earn good time in the Texas prison system. TEX. GOVT. CODE § 498.003(a) (Vernon Supp. 2004) ("Good conduct time is a privilege and not a right."). A demotion in status in some instances may prevent a prisoner from earning good-time credits, but it does not establish a claim because a prisoner does not have a constitutionally cognizable "right" to a particular time-earning status. Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997); Luken, 71 F.3d at 193; Wilson v.

-4-

Budney, 976 F.2d 957, 958 (5th Cir. 1992). Moreover, any possible adverse effects the disciplinary action may have had on Nubine's chances for parole are not actionable because Texas prisoners do not have any liberty interest in parole. Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). Consequently, Nubine is barred from raising any claim with regard to his 2008 disciplinary hearing in which he was found guilty of threatening an officer.

The 2009 disciplinary hearing requires further analysis because Nubine forfeited some good-time credits as a result of that proceeding, and his TDCJ-CID time record (Docket Entry No. 24-3) indicates that he is eligible for release under mandatory supervision. See Thomas v. Quarterman, 272 Fed.Appx. 406, 408-09 (5th Cir. 2008), citing Teague v. Quarterman, 482 F.3d 769, 776-77 (5th Cir. 2007).

Although Nubine forfeited good time in his 2009 disciplinary action, he failed to assert an actionable ground for relief in his Original Petition. Instead, Nubine seeks to depose various officials in order to corroborate his belief that there is a system-wide conspiracy against him.[2] In short, Nubine wants to go

---

[2] See, e.g., Docket Entry No. 1 at 12 ("where petitioner will begin his attempt to show that he [Mr. Livingston] is a conspirator — to confuse the science of jurisprudence by claiming to have 'Delegated' His 'Final Policymaking Authority' to the CID Regional Directors, I through VI, but via, A.P.P. He [sic] retains the power to change a Step 2 'Written Decision' . . . to compromise U.S. district courts § 2254 jurisdiction; petitioner will try to prove that Mr. Livingston's conspicuous acts were committed, via 'deliberate indifferent' attitude toward the consequences or results of his own doings: petitioner . . .").

on a fishing expedition. This is not allowed by the rules governing federal habeas proceedings. <u>See</u> Rules Governing Section 2254 Cases, Rule 6(a), <u>Rector v. Johnson</u>, 120 F.3d 551, 562 (5th Cir. 1997), <u>citing</u> <u>Perillo v. Johnson</u>, 79 F.3d 441, 444 (5th Cir. 1996). Nubine cannot file a Petition for a Writ of Habeas Corpus solely for the purpose of uncovering evidence to support his belief that there is a plot against him. <u>See</u> <u>Bracy v. Gramley</u>, 117 S.Ct. 1793, 1796-97 (1997); <u>Bonner v. Henderson</u>, 517 F.2d 135, 136 (5th Cir. 1975). Nubine's conclusory allegations set forth in his Original Petition (Docket Entry No. 1) do not warrant discovery. <u>Lave v. Dretke</u>, 416 F.3d 372, 381 (5th Cir. 2005).

In a supplemental pleading Nubine makes a claim that there is a system-wide conspiracy to deprive him of his rights. <u>See</u> Docket Entry No. 21-1 at 5, 6. He also contends that the demotion in time-earning status constitutes a second punishment. <u>Id.</u> The court liberally construes this to be an argument that Nubine was punished in violation of the Double Jeopardy Clause.

The Respondent has submitted copies of Nubine's Step One and Step Two Grievances (Docket Entry No. 24-2), which he filed in order to appeal the outcome of Disciplinary Case Number 20090284301. The Step Two Grievance alludes to a conspiracy among TDCJ-CID officials, along with the Texas Board of Criminal Justice, to deprive Nubine of good time (Docket Entry No. 24-2 at 4); however, there is no mention of such a conspiracy in his Step One

-6-

Grievance. Id. at 5, 6. With regard to his demotion claim, Nubine failed to present his "second punishment" argument in either his Step One or Step Two Grievance. See Docket Entry No. 24-2.

Before a petitioner can seek habeas relief in the federal courts, he must exhaust available remedies in the state courts. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). In doing so, the petitioner generally must provide the state courts with a fair opportunity to consider the substance of the claims for relief before presenting them to the federal courts. Picard v. Connor, 92 S.Ct. 509, 512 (1971). However, the Texas courts do not review habeas challenges to TDCJ-CID disciplinary proceedings. See Ex parte Brager, 704 S.W.2d 46 (Tex. Crim. App. 1986). Instead, prisoners must exhaust available administrative remedies. Baxter v. Estelle, 614 F.2d 1030, 1031-32 (5th Cir. 1980); Lerma v. Estelle, 585 F.2d 1297, 1298 (5th Cir. 1978). In prison disciplinary cases inmates exhaust their state remedies for the purposes of § 2254 by pursuing the TDCJ-CID's internal grievance procedures. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); Broussard v. Johnson, 918 F.Supp. 1040, 1043 (E.D. Tex. 1996), citing Gartrell v. Gaylor, 981 F.2d 254, 258 n.3 (5th Cir. 1993). The TDCJ-CID system currently has a two-step grievance procedure, and a prisoner must present his claims in both steps before it is exhausted. See Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004), citing Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

Nubine's conspiracy claim is unexhausted because he failed to present it in his Step One Grievance. Id. He is procedurally barred from presenting the claim in federal court because he cannot return to the TDCJ-CID administrative process, which requires him to present his Step One Grievance within fifteen days of the disciplinary officer's decision. See Offender Orientation Handbook http://www.tdcj.state.tx.us/publications/cid/publications-cid-offender-orientation-handbook.htm. (pdf file) at 52-53. Moreover, the terms of Nubine's conspiracy claim are vague and there are no specific alleged facts to support it. Consequently, it would be subject to dismissal as being conclusory. Smallwood v. Johnson, 73 F.3d 1343, 1351 (5th Cir. 1996). Nubine's "second punishment" claim is also unexhausted and is subject to dismissal because it is procedurally barred. Johnson, 385 F.3d at 515. Moreover, the argument is futile because Nubine has no right to a particular classification. See Venegas, 126 F.3d at 765; Luken, 71 F.3d at 193. See also Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) (possible effect of a demotion of prisoner's good-time earning status upon timing of his release was too tenuous to afford constitutionally cognizable right).

The records relating to Disciplinary Case Number 20090284301 (Docket Entry No. 20-1 at 3) show that Nubine was given advance written notice of the charges and that he was assisted by a TDCJ-CID Counsel Substitute. A written offense report signed by the accusing officer (Docket Entry No. 20-1 at 5) is included, which

-8-

reflects that Nubine struck and seriously injured another prisoner. An attached Injury Report (Id. at 7.) shows that the victim suffered a two-inch laceration on the right upper back of his head, which required seven sutures, and another one-and-three-quarter-inch laceration on the left side of the back of his head, which required five sutures.  Nubine did not sustain any injury during the fight.  Id. at 8.   Nubine did not deny striking the victim. Id.  Instead, he complained that the victim was homosexual and did not act in a respectful manner.  Id. at 11.  Nubine was afforded due process at the hearing, and there was sufficient evidence to support the outcome.  See Wolff v. McDonnell, 94 S.Ct. 2963, 2978-79 (1974); Richards v. Dretke, 394 F.3d 291, 294 (5th Cir. 2004). Nubine's habeas claims regarding this disciplinary case are subject to dismissal because he has failed to either show good cause for his failure to comply with the established TDCJ-CID grievance procedures or that he is actually innocent of the disciplinary infraction for which he was punished.  Dowthitt v. Johnson, 230 F.3d 733, 752 (5th Cir. 2000).  Therefore, the court will grant the Respondent's motion (Docket Entry No. 20) and will dismiss this action.

### III.  Nubine's Motions

Nubine has submitted nine motions, some of which are superfluous while others are nonsensical.  Two of the motions -- Motion for Leave to File a Less Amount of Required Copies of Amended Pleading, and for Joinder of Respondents (Docket Entry

No. 19) and Motion for Leave to File Supplemental Pleading (Docket Entry No. 21) -- were filed with the objective of submitting Nubine's claim that he was the victim of a conspiracy and was subjected to a "second punishment." The motions will be granted to the extent that the court has considered and rejected the claims.

Nubine has filed a motion (Docket Entry No. 22) in which he seeks a default judgment against the Respondent. A party is not entitled to a default judgment as a matter of right, even where the other party is technically in default. See Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996). Courts have held that a default judgment is inappropriate in a habeas case. See Stines v. Martin, 849 F.2d 1323, 1324 (10th Cir. 1988). Default is a possible sanction only in habeas cases where the delay is long and unwarranted. Ruiz v. Cady, 660 F.2d 337, 340 (7th Cir. 1981). No such delay has occurred in this action, and the court will deny the motion.

Nubine has filed a Motion for Leave to File Second Supplemental Pleading (Docket Entry No. 26). In the proposed pleading Nubine raises the issue that there are "'Too Many' Hispanic Guards and Offenders" in the TDCJ-CID system. See Docket Entry No. 27 at 3. He also complains about his prison diet. Id. at 4. The purported supplemental pleading deteriorates into a rant about the penal system and provides no facts or arguments relevant to the proceeding. Moreover, the issues presented in the pleading are civil rights claims and do not relate to the validity of

Nubine's confinement. See Patton v. Jefferson Correctional Center, 136 F.3d 458, 463-64 (5th Cir. 1998). The court will deny the motion because arguments in the proposed pleading are futile. Emory v. Texas Board of Medical Examiners, 748 F.2d 1023, 1027 (5th Cir. 1984).

The court will also deny Nubine's Motion for Leave to File a Less Amount of Documents and his Motion of Admonishments to Respondents to Exercise Federal Civil Procedure Jurisdiction (Docket Entry Nos. 30 and 31). Nubine complains that the Respondent's attorney has not complied with the Federal Rules of Civil Procedure and has filed frivolous pleadings. The court has considered the Respondent's arguments and has found them to have sufficient merit to persuade the court to order that this action be dismissed.

The court will also deny Nubine's Motion for Leave to File Traverse, his Motion for Temporary Restraining Order, and his Motion for Bond (Docket Entry Nos. 35, 40, and 44). Nubine generally complains about the lack of access to indigent supplies, which implies that TDCJ-CID officials have interfered with his right of access to the courts. Nubine's numerous pleadings belie this assertion. See Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988). He again complains about the conditions of his confinement. As stated above, this is a habeas proceeding and Nubine cannot sidetrack it by adding unrelated claims after the Respondent has filed his Motion to Dismiss. Moreover, Nubine does not present any

allegation that indicates he has been subjected to physical abuse or denied a basic need. Consequently, he has not asserted a constitutional violation. See Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999).

### IV.   Certificate of Appealability

Under 28 U.S.C. § 2253, Nubine needs to obtain a Certificate of Appealability before he can appeal this Memorandum Opinion and Order dismissing his petition. To obtain a Certificate of Appealability, Nubine must make a substantial showing of the denial of a constitutional right. Williams v. Puckett, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Nubine must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. Lucas v. Johnson, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Memorandum Opinion and Order, Nubine has not made a substantial showing of the denial of a constitutional right. Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996). The court will deny the issuance of a Certificate of Appealability.

### V.   Conclusion

The court **ORDERS** the following:

1. Nubine's motions for permission to file a reduced number of copies and to file supplemental pleadings (Docket Entry Nos. 19 and 21) are **GRANTED**.

2.  Respondent's Motion to Dismiss (Docket Entry No. 20), construed as a Motion for Summary Judgment, is **GRANTED**.

3.  This Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.

4.  A Certificate of Appealability is **DENIED**.

5.  All other motions (Docket Entry Nos. 22, 26, 30, 31, 35, 40, and 44) are **DENIED**.

**SIGNED** at Houston, Texas, on this the 4th day of March, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE