```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

| | | |
|---|---|---|
| CLYDE NUBINE, <br> TDCJ-CID NO. 398312, | § <br> § <br> § | |
| Plaintiff, | § <br> § | CIVIL ACTION NO. H-09-2313 |
| v. | § <br> § | |
| RICK THALER, et al., | § <br> § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Clyde Nubine, a Texas prisoner with a history of filing frivolous prisoner civil rights complaints, submitted a pleading using forms designated for filing petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254. Nubine also filed an Application to Proceed In Forma Pauperis and did not pay the filing fee. Although 28 U.S.C. § 1915(g) barred Nubine from proceeding as a pauper in a civil rights action,[1] this court granted the application and treated the pleading as a habeas petition because Nubine challenged a disciplinary conviction. The petition was dismissed as meritless because Nubine failed to state a valid claim. Nubine filed an appeal.

---

[1] Nubine had filed two civil rights complaints that were dismissed as frivolous before July 16, 2009, the date the present action was filed. Nubine v. Stringfellow, No. C-00-129 (S.D. Tex. June 2, 2000); Nubine v. Sons, No. 7:99cv00209 (N.D. Tex. Jan. 10, 2000). In addition, the Fifth Circuit Court dismissed two of his appeals as frivolous before the present action was filed. Nubine v. Stringfellow, No. 00-40761 (5th Cir. Nov. 28, 2000); Nubine v. Sons, No. 00-10191 (5th Cir. Dec. 13, 2000).

The United States Court of Appeals for the Fifth Circuit affirmed this court's decision with regard to Nubine's disciplinary claims, but remanded the action because the court found that Nubine also alleged civil rights violations.

## I. **Nubine is Barred Under PLRA's Three Strikes Rule**

Upon remand for review of Nubine's civil rights claim, the court found that Nubine was not eligible to proceed as a pauper and that he was obligated to pay the filing fee pursuant to 28 U.S.C. § 1915(g). See, e.g., Nubine v. Quarterman, No. H-08-0741 (S.D. Tex. Mar. 26, 2008) (dismissed as barred by section 1915(g)). The court therefore ordered him to pay the entire fee by December 10, 2010, and warned him that his suit would be dismissed if he failed to comply. (Docket Entry No. 71 at 2)

Nubine has not paid the fee. Instead, he has filed a pauper's affidavit (Docket Entry No. 74), which does not comply with 28 U.S.C. § 1915(b)(1) because there is no certified copy of his inmate trust account history. Nubine has also submitted a series of pleadings (Docket Entry Nos. 75, 77, 77-1, 77-2, and 77-3) in which he argues that section 1915(g)'s "3 strikes provision . . . was imposed without usage of the enforcement clause of the 14th Amendment." (Docket Entry No. 77 at 1) In support of his argument, Nubine alleges that he was locked up in close custody in violation of the Double Jeopardy Clause (Id. at 4-5.) and that his rights under the Equal Protection Clause were violated when he was

punished for fighting while his Hispanic cell mate, who allegedly started the fight, was not disciplined. (Docket Entry No. 77 at 1) Nubine alleges that restrictions on his recreation activities constitute cruel and unusual punishment. (Docket Entry No. 7-1 at 11-13) He also complains about wrongful classifications. Id. at 15. Throughout the pleadings Nubine presents a litany of complaints about life in TDCJ-CID; however, none of the alleged violations relate to the validity of 28 U.S.C. § 1915(g). He attempts to make some reference to legislative history in support of his arguments (See Docket Entry No. 77 at 17-20.), but the supposed references and arguments are nonsensical.² Such pleadings do not merit serious consideration. Prewitt v. United States Postal Serv., 754 F.2d 641, 641 (5th Cir. 1985). "[W]e stand at the gate of the realms of fantasy. We decline to enter in." In short, Nubine's pleadings are more of the same frivolous litigation for which he has been barred from submitting new civil rights complaints or appeals to the courts without paying the filing fees in advance.

---

²In one jumbled paragraph, Nubine states:

The PLRA, too, help make up the Supreme Laws of the Land: the PLRA, however, is used in a way that ignore the Mandates which structure Letter of Constitution; and the spirit [] of Constitution, was mowed down by said PLRA so effectively . . . . until Muslims wants to place America under Sharia Law; and Public Leaders like Governor Rick Perry, wants secede Texas, from the Union; thus, to completely ignore Their Oaths. [sic]

(Docket Entry No. 77-1 at 1)

There is no support for Nubine's argument that section 1915(g) somehow violates the Constitution's Fourteenth Amendment. Neither his indigent status nor his incarceration make him a member of a suspect class deserving strict scrutiny. Carson v. Johnson, 112 F.3d 818, 821-22 (5th Cir. 1997), citing Harris v. McRae, 100 S.Ct. 2671, 2691 (1980). There is a legitimate purpose to 1915(g)'s three-strikes rule because "prisoners have abused the judicial system in a manner that non-prisoners simply have not." Clifford v. Louisiana, 347 Fed.Appx. 21, 2009 WL 2870156 **2 (5th Cir. Sept. 8, 2009), citing Carson, at 822. Nubine's litigation history is a classic example of such abuse. Therefore, there is no Equal Protection Clause violation. Id.; Higgins v. Carpenter, 258 F.3d 797, 798 (8th Cir. 2001). Nubine's access to the courts is not hindered by requiring him to pay the fee in advance. Carson, at 821. He has a right to proceed with his civil rights complaint after paying the filing fee. Id. He has chosen not to pay, and he has made no indication that he is in any immediate danger. Therefore, this civil rights action is subject to dismissal without prejudice. Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).

## II. Nubine's Claims are Frivolous

The court also concludes that Nubine has failed to allege that his civil rights were violated. Nubine claimed that TDCJ-CID officials conspired against him and denied him adequate food and subjected him to suffer from extreme heat by withholding his fan.

(Docket Entry No. 1 at 8) However, even allowing liberal interpretation of Nubine's statements, his allegations are conclusory and subject to dismissal. See Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986). Nubine cannot rely on nebulous allegations to support a conspiracy claim. See Arsenaux v. Roberts, 726 F.2d 1022, 1024 (5th Cir. 1982). Therefore, the court ordered Nubine to answer questions regarding specific facts about the alleged civil rights violations so that he might have an opportunity to support his claims. See Green v. Atkinson, 623 F.3d 278, 280-281 (5th Cir. 2010).

In his response to the court's order to identify defendants who were personally involved in the alleged violations (See Docket Entry No. 71 at 3, Questions 2(a) and 2(b).), Nubine names the Texas Board of Criminal Justice, TDCJ Executive Director Brad Livingston, and TDCJ-CID Director Rick Thaler. (Docket Entry No. 76 at 2) Nubine contends that the named defendants violated his rights by "upholding approved penal policies that were designed to undermine constitutional standards and are calculated to deprive plaintiff of his liberties. . ." by denying him the right to recreate outside of his cell and denying him notice of a hearing, which punished him twice for the same disciplinary report. Id. at 2. He provides no further details, nor does he give any information regarding the roles the named individuals played in the alleged violations. It is essential to identify those who were personally involved in the deprivations. Anderson v. Pasadena

Independent School Dist., 184 F.3d 439, 443 (5th Cir. 1999); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Naming an administrator or supervisor who had no direct contact with the plaintiff is not sufficient. Rios v. City of Del Rio, 444 F.3d 417, 425 (5th Cir. 2006) ("There is no vicarious or *respondeat superior* liability of supervisors under section 1983."), quoting Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987); Eason v. Thaler, 73 F.3d 1322, 1327 (5th Cir. 1996). There must be facts showing a "causal connection" between named defendants' conduct and the asserted constitutional violations. Rios, at 425, citing Evett v. DETNTFF, 330 F.3d 681, 689 (5th Cir. 2003). Moreover, Nubine fails to present any facts indicating that there was an agreement among the defendants to violate his rights. Without such an agreement, there can be no finding that there was a conspiracy against him. Arsenaux v. Roberts, 726 F.2d at 1024. Because Nubine presents only conclusory allegations and fails to show that the defendants are liable, these claims will be dismissed.

In response to the court's inquiries about extreme temperatures (Docket Entry No. 71 at 3, Questions 2(j) and 2(k)), Nubine complains that his fan was taken away from him during the summer when the temperature was over 100 degrees thereby putting him at risk of heatstroke or death. (Docket Entry No. 76 at 3) Although asked by the court to state when, where, and how long he was subjected to extreme temperatures (Docket Entry No. 71, Question 2(j)), Nubine fails to provide any specifics. Moreover,

he fails to present any facts demonstrating that he actually suffered any physical harm as a result of his fan being confiscated. See Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir. 2003), citing 42 U.S.C. § 1997e(e). Any emotional, psychological or mental distress that he might have borne during hot summer days without his fan is not actionable absent a showing that he suffered bodily harm requiring medical attention. Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005), citing 42 U.S.C.A. § 1997e(e).

While Nubine may have experienced some discomfort without his fan, no constitutional violation occurred. See Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995) (no violation where inmate was confined for four years in cell that was uncomfortably hot). See Rhodes v. Chapman, 101 S.Ct. 2392, 2400 (1981) ("The conditions of confinement may be restrictive and even harsh; that is part of the penalty society may impose for offenses against it."). Prison officials have the authority to determine what items prisoners may or may not possess, and the court will not interfere with this decision if it is reasonably related to the objective of running a safe and orderly penal institution. Thornburgh v. Abbott, 109 S.Ct. 1874, 1883 (1989). See also Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); see also Guajardo v. Crain, 275 Fed.Appx. 290, 2008 WL 1790385, **1 (5th Cir. Apr. 17, 2008) (upholding space limitations regarding storage of legal materials), citing Long v. Collins, 917 F.2d 3, 4 (5th Cir. 1990). If Nubine believes that

the taking of his fan was not authorized by the Texas penal system, he must seek relief in the state courts, which can provide a remedy. Brewster v. Dretke, 587 F.3d 764, 768 (5th Cir. 2009).

Nubine's allegations regarding food do not support an actionable claim. He does allege that an officer named Gonzales "masterbated" [sic] on his food. (See Docket Entry No. 76 at 6.) However, he does not name Gonzales as a defendant and points out that Gonzales was fired by the prison commissary. Liberally construed, Nubine's response indicates that he is complaining about being denied a diet tray and being forced to eat "regular sandwiches." Id. However, there is nothing to indicate that he was on a special diet for religious, medical, or health reasons. Nubine appears to be more concerned about not receiving an occasional piece of cake or some cookies than being provided with basic food. (Docket Entry No. 76 at 6) Nubine's disappointment with his menu does not support a civil rights claim. Berry v. Brady, 192 F.3d 504, 507-08 (5th Cir. 1999). If he missed an occasional food item or if an isolated meal was not prepared properly, Nubine has only experienced what everyday citizens must endure when they have to rely on someone else to prepare and serve their meals. Id.; see also Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998).

Nubine's pleadings do not establish that the defendants' alleged actions have caused him any real physical harm. Without such a showing, he is not entitled to any recovery. See 42 U.S.C. § 1997e(e). Nubine admits that he is only seeking relief for his

"undue stress, strain, duress, anxiety, and inter alia [sic] mental anguish" for which he seeks declaratory and injunctive relief. (Docket Entry No. 76 at 7) Nubine provides no basis, however, for the court to interfere with the prison administration's daily management of its large and often difficult inmate population. See Ruiz v. Estelle, 679 F.2d 1115, 1126 (5th Cir. 1982).

In addition to being barred by 28 U.S.C. § 1915(g), Nubine's claims are subject to dismissal because they are frivolous. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e).

### III. Conclusion

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 74) is **DENIED**.

2. The plaintiff's motion seeking a response from the defendants (Docket Entry No. 76) is **DENIED**.

3. The civil rights complaint (Docket Entry No. 1) filed by inmate Clyde Nubine, TDCJ-CID No. 398312, is **DISMISSED** as frivolous and as barred. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915(g).

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this the 11th day of April, 2011.

SIM LAKE
UNITED STATES DISTRICT JUDGE